IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02235-LTB

**JOHNN A. VIDMAR JR.**,

  Plaintiff/Applicant,

v.

**PABESS, Sgt.**; and
**LIMON CORRECTIONAL FACILITY**,

  Defendants/Respondents.

---

## ORDER OF DISMISSAL

---

On October 7, 2015, Johnn A. Vidmar Jr. submitted two Prisoners Motions for Leave to Proceed Pursuant to 28 U.S.C § 1915 in a Habeas Corpus Action, ECF Nos. 1 & 2, to the Court.  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court determined that the documents were deficient.  On October 13, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Vidmar to cure the deficiencies as described in his Order if he wished to pursue his claims in this Court (ECF No. 4).

In response, Mr. Vidmar filed a Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915.  On November 9, 2015, Magistrate Judge Gallagher Court ordered Mr. Vidmar to cure the remaining deficiencies as described in its Order (ECF No. 7).  On November 30, 2015, the November 9, 2105 Court Order was returned to the Court as undeliverable.

The Court then located Mr. Vidmar at a new address at the Freemont Correctional Facility.  On December 1, 2105, Magistrate Judge directed the Clerk of

Court to update Plaintiff's new address and ordered him to send Plaintiff a copy of the November 9, 2015 Order to Cure (ECF No. 7) along with a copy of the court-approved forms for filing a Prisoner Civil Rights Complaint (ECF No. 9).  That Order specifically ordered that Plaintiff shall have thirty (30) days from the date of the minute order to cure the deficiencies and that failure to comply would result in dismissal of this action without further notice (ECF No. 9).

Mr. Vidmar has failed to cure the deficiencies within the time allowed and has not filed anything in this action in response to the Court's Order to cure the remaining deficiencies.  Moreover, the Court is unable to locate Plaintiff within the Colorado Department of Corrections inmate locator.  Plaintiff is required to give the Court notice of his change of mailing address not later than five days after the change.  *See* D.C.COLO.LCivR 5.1(c).  Therefore, the action will be dismissed without prejudice for failure to cure the noted deficiencies and for failure to follow this Court's Orders.  *See U.S. ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.") (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Petitioner files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

**ORDERED** that this action is dismissed without prejudice pursuant to Fed. R.

Civ. P. 41(b) for failure to cure the deficiencies, for failure to prosecute and for failure to

follow court orders.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this __14th__ day of January, 2016.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court